

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-20-2005

# USA v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4152

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Smith" (2005). *2005 Decisions.* Paper 815.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/815

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-4152
_____

UNITED STATES OF AMERICA

v.

LARRY SMITH,

Appellant

_____

Appeal from the United States District Court
For the Eastern District of Delaware
D.C. No.: 03-cr-00356-1
District Judge: Honorable Eduardo C. Robreno

_____

Submitted on Motion Under Third Circuit LAR 34.1(a)
July 12, 2005

Before: SLOVITER, McKEE, and ROSENN, Circuit Judges.

(Filed:  July 20, 2005)

_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

Larry Smith was tried to a jury in the U.S. District Court for the Eastern District

of Pennsylvania and convicted of one count of robbery in violation of the Hobbs Act, 18

U.S.C. § 1951, one count of attempted carjacking in violation of 18 U.S.C. § 2119, and two counts of brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c). Smith moved for a new trial pursuant to Fed. R. Crim. P. 33, alleging prosecutorial and juror misconduct. After an evidentiary hearing, the District Court denied Smith's Rule 33 motion. The District Court imposed on Smith a $400 assessment and $1,000 fine, and sentenced him to a total of 472 months' imprisonment,[1] to be followed by 5 years' supervised release.

On appeal, Smith argues that the District Court abused its discretion in denying his Rule 33 motion for a new trial. Smith also raises sentencing claims under United States v. Booker, 543 U.S. ----, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). For the reasons stated below, we affirm Smith's conviction, but vacate his sentence and remand for resentencing in accordance with Booker. Because we write primarily for the parties, their counsel, and the District Court, we briefly set forth only the salient facts leading to Smith's conviction and sentence.

I.

Smith's allegations of juror and prosecutorial misconduct stem from an extrajudicial interaction between one of the jurors in his case and an Assistant United

---

[1] The District Court sentenced Smith to 88 months' imprisonment on count one (Hobbs Act robbery) and on count three (attempted carjacking), to run concurrently. On count two (brandishing a firearm), the District Court sentenced Smith to 84 months' imprisonment, to run consecutively with his sentence on counts one and three. On count four (brandishing a firearm), the District Court sentenced Smith to 300 months' imprisonment, to run consecutively with his sentence on counts one, two, and three.

States Attorney for the Eastern District of Pennsylvania, Robert Zauzmer ("AUSA Zauzmer"), who was not involved in the prosecution of his case.[2] This juror and AUSA Zauzmer were acquaintances of ten years who had both belonged to, and regularly attended services at, the same synagogue.

The first day of jury deliberations in Smith's case occurred on a Friday. That evening, the juror and AUSA Zauzmer were attending services at their synagogue. The juror approached AUSA Zauzmer and told him that he was sitting on a federal jury in a criminal case before Judge Robreno. The juror identified the prosecutor, AUSA Fitzgerald, and mentioned that the jury was deliberating. Immediately, AUSA Zauzmer demanded that the juror "get away" from him, and ended the conversation. Later that evening, the juror approached AUSA Zauzmer's wife, conveyed the same information to her about his jury service, and jokingly remarked that Zauzmer had been "mean to [him]," by refusing to speak with him. AUSA Zauzmer's wife advised the juror that he "better not talk" with her husband, and he did not.

AUSA Zauzmer did not advise the District Court, Smith's defense counsel, or the prosecutor about this interaction. On the following Monday, Smith's jury resumed deliberations and reached a verdict, finding Smith guilty on all counts, but acquitting his co-defendant brother on all counts. After the trial, as AUSA Fitzgerald was leaving the courthouse, the juror approached her and began to make "small talk" about the trial.

---

[2] AUSA Zauzmer briefly discussed a legal issue pertaining to Smith's case with the prosecuting attorney, prior to the trial. AUSA Zauzmer never appeared in Smith's case.

Eventually, counsel for Smith's co-defendant joined in the conversation, after which point the juror mentioned that he had met AUSA Zauzmer on the preceding Friday evening and had told Zauzmer that he was serving on a jury in a federal criminal trial.

Smith moved for a new trial under Rule 33, alleging prosecutorial and juror misconduct. Smith argued that AUSA Zauzmer engaged in misconduct by failing to bring his interaction with the juror to the District Court's attention, and that the juror flagrantly disregarded the Court's repeated instructions that jurors not discuss the case. The District Court held an evidentiary hearing, during which the juror, AUSA Zauzmer, and AUSA Fitzgerald testified. The juror testified that he had no intention of discussing the case with AUSA Zauzmer, and that he was simply engaging in "social chitchat" by mentioning that he was currently serving on a jury. The juror also testified that his feelings were "slightly hurt" when AUSA Zauzmer refused to speak with him, but that he was not influenced by this interaction.

In a careful opinion, the District Court concluded that the brief interaction between the juror and AUSA Zauzmer involved no misconduct. Further, assuming arguendo that the juror had violated the Court's order not to discuss the case with anyone, the Court found that Smith had suffered no prejudice. The Court found credible the juror's testimony that he remained impartial throughout the deliberations. The Court also determined that "a hypothetical average juror" would not have been influenced by this limited extrajudicial contact with AUSA Zauzmer.

4

We review the District Court's denial of Smith's Rule 33 motion for an abuse of discretion. See United States v. Jasin, 280 F.3d 355, 360 (3d Cir. 2002). The discretion that federal trial courts exercise in addressing allegations of juror and prosecutorial misconduct "extends to the determination of whether prejudice has been demonstrated." United States v. Resko, 3 F.3d 684, 690 (3d Cir. 1993).

Although the juror's attempt to engage AUSA Zauzmer in conversation was imprudent, AUSA Zauzmer responded appropriately by terminating it immediately. There is no basis for rejecting the District Court's finding that the juror remained impartial, and that Smith suffered no prejudice as a result of this fleeting interaction between the juror and AUSA Zauzmer. Smith's theory that the juror, after having been rebuffed by AUSA Zauzmer, attempted to curry favor with the prosecution by helping the jury return a guilty verdict, is undermined by the jury's acquittal of Smith's co-defendant. For this and other reasons discussed by the District Court in its opinion, it is apparent that Smith suffered no prejudice. Thus, we conclude that the District Court did not abuse its discretion in denying Smith's Rule 33 motion for a new trial.

II.

Smith challenges his sentence under United States v. Booker, 543 U.S. ----, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005). He argues that the District Court impermissibly enhanced his sentence based on findings relating to his prior convictions and the value of the vehicle that he attempted to carjack. We see no error with the District Court's

sentencing enhancement based on Smith's prior convictions.  See United States v. Ordaz, 398 F.3d 236, 240-41 (3d Cir. 2005).  Not only has the Supreme Court "specifically exempted prior convictions from its holding" in Apprendi v. New Jersey, 530 U.S. 466 (2000), see Ordaz, 398 F.3d at 240, but judicial notice of a final prior conviction does not require the taking of any evidence or testimony for admission to a jury.

As for Smith's challenge to the enhancement based on the vehicle's value, we think this sentencing issue will best be determined in the first instance by the District Court upon our remand for resentencing under Booker.

Smith's sentence is herewith vacated and his case is remanded for resentencing in accordance with Booker.

6